## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **COURTNEY TREVON HURST** | * | ACTION NO. _____ |
| *Plaintiff* | | |
| | * | |
| v. | | **COMPLAINT** |
| | * | |
| **AMRINDER SINGH DHILLON,** | | |
| **6635873 CANADA INC D/B/A** | * | |
| **THUNDERBOLT TRUCKLINES,** | | |
| **AND NORTHBRIDGE GENERAL** | * | |
| **INSURANCE CORPORATION** | | |
| *Defendants* | * | |

## COMPLAINT
(Jury Trial Demanded)

COMES NOW, the Plaintiff, Courtney Trevon Hurst (hereinafter "Plaintiff" or "Hurst"), by counsel, and files this *Complaint* against Defendants, Amrinder Singh Dhillon (hereinafter "Dhillon"), 6635873 Canada, Inc. D/B/A Thunderbolt Trucklines (hereinafter "Trucklines") and Northbridge General Insurance Corporation (hereinafter "Northbridge"); or collectively (hereinafter "Defendants"), and would allege the following:

## **PARTIES**

1. Hurst is an adult resident and citizen of the State of Louisiana residing at 622 ½ Cypremont Street, Jeanerette, Louisiana 70544.

2. Dhillon is an adult resident citizen of Canada residing at 2648 Chick Court, Windsor, ON, Canda N9E4P1.

3. Trucklines, based upon information and belief, is a foreign corporation, with its physical address being 3992 Maracaibo Cres, Windsor, ON N9G OA2 and it may be served upon its blanket company, Process Agent Service Company, Inc., Vivian G. Mitchell, 4100 Westgate Drive, Knoxville, Tennessee 37921.

4. Northbridge, based upon information and belief, is a foreign insurance corporation with its principal office located at 105 Adelaide Street West Toronto, Canada, M5H 1P93992, who may be served through the Tennessee Secretary of State, Business Services Division, 312 Rosa L. Parks Avenue, 6th Floor, Nashville, TN 37243-1102.

## JURSIDICTION and VENUE

5. This court has jurisdiction over this claim, pursuant to 28 U.S. Code §§ 1331 and/or 1332, between citizens of different states and for an amount in controversy which exceeds the sum or value of $75,000.00.

6. Venue is proper in the United States District Court, pursuant to 28 U.S. Code § 1391, as the conduct alleged in this Complaint occurred in Tennessee and multiple parties are residents of Tennessee.

## FACTS

7. On or about October 24, 2022, Dhillon was operating a white 2015 Volvo Truck-Tractor (hereinafter "truck-tractor") with a Canada plate (license plate number PA48326), owned by Trucklines and insured by Northbridge, with an automobile insurance policy (number CBC0678098). (see exhibit A, police report)

8. At all relevant times, Dhillon was either an independent truck operator or operating the truck at issue while acting under the course and scope of his employment with Trucklines (or a parent company or dba of Trucklines).

9. At all relevant times, Hurst was an occupant sleeping in the cab of a parked 2001 Truck-Tractor, owned by Fort Leasing, LLC. (license plate PWQ2628 and VIN #1XKYDP9X9MJ428430), at Love Truck Stop in White House, Tennessee, when Dhillon

attempted to drive into (and presumably park) the space between Hurst's parked truck and another truck; resulting in Dhillon sideswiping the left side of Hurst's truck.

10. As a result of Dhillon's poor judgment in navigating his truck, and the parking space available, he was negligent and failed to maintain reasonable control of his vehicle, failed to keep proper lookout for other objects or vehicles on the property, and failed to drive properly.

11. At all relevant times, Hurst was a passenger and asleep in the cab of his truck and therefore had no contributing actions to the instant collision.

12. Further, Hurst as a result of Dhillon's negligence, sustained injuries and damages.

13. Trucklines (or a parent company or dba of Trucklines) is vicariously liable for the actions/inactions and negligence of its employee, Dhillon, at all relevant times.

14. Northbridge maintained, at all relevant times, an automobile insurance policy on behalf of the truck tractor operated by Dhillon and owned by Trucklines.

## **DUTIES AND BREACHES**

15. Hurst adopts and incorporates by reference each of the proceeding paragraphs as if fully set forth herein.

16. The sole and proximate cause of the aforesaid incident, together with the resulting damages suffered by Hurst, was negligent acts and omissions of Dhillon which included, but not limited to, the following:

    a. Dhillon negligently failed to maintain proper lookout for conditions, surrounding the parking of his vehicle in general and more specifically, for this condition which caused the collision herein complained of;

    b. Dhillon negligently failed to maintain reasonable control of his vehicle;

3

    c. Dhillon negligently failed to keep proper lookout for other objects or other vehicles in the parking lot;

    d. Dhillon negligently failed to drive properly; and

    e. Any and all other negligent acts and/or omissions which may be shown at the trial of this matter.

17. At all times relevant herein, Dhillon owed unto Hurst, the duty to exercise reasonable care in the operation of his motor vehicle, and to obey the rules of the roadway and related traversed areas, such as the parking lot at issue, of the State of Tennessee.

18. At all relevant times, Trucklines was the owner of the truck-tractor negligently operated by Dhillon.

19. At all relevant times, Trucklines maintained an automobile insurance policy on the truck-tractor negligently operated by Dhillon, insured by Northbridge and as such, both are equally responsible for the negligence of Dhillon's actions/inactions.

## **DAMAGES and CAUSATION**

20. Hurst adopts and incorporates by reference each of the proceeding paragraphs as if fully set forth herein.

21. As a direct and proximate consequence of the incident, Hurst was caused to suffer injuries and damages (*past, present, and future*), which include at least the following:

    a. Trauma to both sides of his neck, lower neck/shoulder pain, and lower back pain which radiates into his right leg;

    b. Headaches;

    c. Emotional trauma, shock, and stress;

    d. Emotional distress and mental anguish;

   e. Lost wages; and

   f. All other damages not yet listed here.

22. At all relevant times, Dhillon's truck-tractor was under his exclusive control and the collision at issue did not transpire due to the actions or inactions of Hurst or any other party.

23. Consequently, Hurst is entitled to recover a final judgment of, from, and against Defendants for all the following:

   a. A sum in excess of the minimum jurisdictional limitation of this Court, and adequate to reasonably compensate Hurst for all actual compensatory and punitive damages suffered by him, as a direct and proximate consequence of the accident;

   b. Pre- and post-judgment interest as provided by law;

   c. Any other damages deemed fair and equitable by this court; and

   d. All costs herein.

## JURY DEMAND

24. Hurst is entitled to and hereby demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Courtney Trevon Hurst, now brings this cause of action against Defendants, Amrinder Singh Dhillon, 6635873 Canada, Inc. D/B/A Thunderbolt Trucklines, and Northbridge General Insurance Corporation, and prays for a judgment in his favor, against the Defendants, to fairly compensate Hurst for at least $750,000.00, or an aggregate amount in excess of the jurisdictional amount of $75,000.000, for his injuries and damages, together with all costs and pre and post judgment interest; any other damages deemed fair and equitable by this court.

Respectfully submitted, this 24th day of October, 2023.

**COURTNEY TREVON HURST,** Plaintiff

**B**y: /s/ Carlos E. Moore
**CARLOS E. MOORE, TN Bar # 028649**
OF COUNSEL:
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com